UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re JAMES R. JACOB, JR. and
KIMBERLY A. JACOB,

                              Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES R. JACOB, JR. and
KIMBERLY A. JACOB,

                              Appellants,

      -v-                                                    6:08-CV-1092

MARK W. SWIMELAR, Trustee,

                              Appellee.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

CRAIG C. HUMPLEBY, ESQ.
Attorney for Debtor-appellants
4306 East Genesee Street
Syracuse, NY 13214

MARK W. SWIMELAR, ESQ.
250 South Clinton Street, Suite 203
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

      Debtor-appellants James R. Jacob, Jr. and Kimberly A. Jacob appeal from Orders

of Hon. Stephen D. Gerling, then-Chief United States Bankruptcy Court Judge for the

Northern District of New York, denying their confirmation plan on May 10, 2007, then

dismissing the case for failure to confirm a plan on September 16, 2008. The debtors and the appellee Chapter 13 Trustee Mark W. Swimelar have both filed their briefs on appeal. The appeal was taken on submission without oral argument.

## II. **BACKGROUND**

Debtor James R. Jacob, Jr. ("Jacob") suffered a catastrophic injury in a workplace accident in 1998. As a settlement in his personal injury action, he released all claims to recover damages related to the accident in exchange for an annuity to be established for his benefit. Under the terms of the annuity, Jacob received $1,000 per month beginning on December 15, 2003, and continuing for 360 months, followed by a lump sum payment of $382,872.46 on December 15, 2033. There is no dispute that the owner of the annuity is an insurance company.

Debtors filed a Chapter 13 petition and proposed confirmation plan on March 15, 2007. Debtors claimed a 100% exemption of the annuity in their proposed plan. The Trustee objected to the plan because "[t]he debtors have claimed a 100% exemption on a MetLife Annuity. The annuity is owned by a 3rd party, not the debtors," such that the exemption had no basis in federal or state law. (R. on Appeal Doc. No. 2-8.) Thereafter the Trustee filed an amended objection arguing that because the annuity was not exempt, debtors' proposed plan failed the liquidation test set forth in 11 U.S.C. § 1325(a)(4).[1] This appeal followed.

---

[1] This subsection provides for confirmation of a plan that, inter alia, calls for the distribution to allowed unsecured claims of an amount that is at least as much as the amount that would be paid if the estate were liquidated pursuant to Chapter 7. 11 U.S.C. § 1325(a)(4).

## III. Standard of Review

In reviewing a bankruptcy court's decision, a district court applies the clearly erroneous standard to conclusions of fact and *de novo* review to conclusions of law. In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000); In re Petition of Bd. of Directors of Hopewell Int'l Ins. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002); Fed. R. Bankr. P. 8013.

Although the parties do not address the point, no facts were in dispute, no conclusions of fact were made by the Bankruptcy Court, and the Orders of the Bankruptcy Court consisted of conclusions of law. Accordingly, the decisions are subject to *de novo* review.

## IV. DISCUSSION

The Bankruptcy Court denied confirmation of the proposed plan because debtors failed to satisfy the liquidation test. (May 10, 2007, Order Doc. No. 2-6). The Bankruptcy Court relied upon In re Constantino, 274 B.R. 580 (Bankr. N.D.N.Y. Jan. 14, 2002) (Gerling, C.J.), as proposed by the Trustee. Id. While the May 10, 2007, Order does not explicitly state that the annuity was not exempt, such a finding necessarily was made as a precursor to the determination that under debtors' proposed plan they failed the liquidation test. Further, the Bankruptcy Court rejected debtors' reliance on In re Terrance[2] and In re Tappan, 277

---

[2] This is an unpublished case which is not part of the record on appeal. Debtors again cite to the case, as Bankr. Case No. 00-13083 (Bankr. N.D.N.Y. 2000), without providing a copy of the decision. In order to avoid any prejudice from debtors' failure to include a copy of this unpublished case, it will not be considered. See L.R. 7.1(a)(1) (party citing decisions exclusively reported on computerized databases must include copy).

B.R. 491 (W.D.N.Y. 2002), thus necessarily rejecting the argument that the annuity payments were exempt.

Thus, the issue of law for determination is whether the annuity payments made to Jacob are exempt from the estate. The burden of establishing that claimed exempt property is not exempt is on the party who objects--in this case the Trustee. In re Baker, No. 07-32440, 2009 WL 2872830, at *2 (Bankr. N.D.N.Y. Mar. 30, 2009) (Cangilos-Ruiz, B.J.) (citing Fed. R. Bankr. P. 2003(c)).

"[A]ll legal or equitable interests of the debtor in property as of the commencement of the case" constitutes property of the estate. 11 U.S.C. § 541(a)(1). In addition to the property set forth in § 541, a Chapter 13 estate includes property acquired "after the commencement of the case but before the case is closed, dismissed, or converted." Id. § 1306(a)(1).

A debtor is permitted to "exempt from the property of the estate," *inter alia*, "insurance policies and annuity contracts and the proceeds and avails thereof as provided in" Insurance Law § 3212. N.Y. Debt. & Cred. Law § 282(ii) (McKinney 2001). Section 3212 of New York's Insurance Law provides that "benefits, rights, privileges and options which, under any annuity contract are due or prospectively due the annuitant, who paid the consideration for the annuity contract, shall not be subject to execution." N.Y. Ins. Law § 3212(d)(1) (McKinney 2006).

It is undisputed that Jacob does not own the annuity at issue. However, he does have a right to collect the payments that is a legal or equitable interest in the property. Thus, the right to collect the payments is an asset of the bankruptcy estate. In re Mason, No. 08-

CV-613A, 2009 WL 21523006, at *2 (W.D.N.Y. July 14, 2009); In re Constantino, 274 B.R. at 582.

Further, the right to collect payments from the annuity unequivocally falls within the explicit terms of § 282(ii) permitting exemption of "'annuity contracts and the proceeds and avails thereof as provided in'" Insurance Law § 3212. In re Mason, 2009 WL 2152306, at *2 (quoting N.Y. Debt. & Cred. Law § 282(ii)). Therefore, if Insurance Law § 3212 addresses Jacob's right to collect the annuity payments, those payments are exempt from the debtors' estate. Id. (citing N.Y. Ins. Law § 3212(d)(1)). Jacob is undisputedly the annuitant under the annuity. Further, Jacob paid valuable consideration when he gave up his right to continued litigation for damages resulting from his personal injury in exchange for the annuity proceeds. See id.; In re Baker, 2009 WL 2872830, at *2 (release of wrongful death claim was consideration paid for annuity contract); In re Tappan, 277 B.R. 491, 492 (W.D.N.Y. 2002) (annuitant paid consideration with execution of release of claims due to personal injury). Thus, Jacob's right to the annuity payments is addressed by § 3212 as a benefit and right under an annuity contract due prospectively to Jacob, the annuitant, who paid the consideration for the annuity contract. See N.Y. Ins. Law § 3212(d)(1). "Consequently, the plain language of Insurance Law § 3212(d)(1) places the debtors within the exemption provision of Section 282(ii) of the Debtor and Creditor Law." In re Mason, 2009 WL 2152306, at *2; In re Baker, 2009 WL 3872830, at *3; In re Tappan, 277 B.R. at 491-92 (finding annuity exempt pursuant to N.Y. Debt. & Cred. Law § 282(ii) and Ins. Law § 3212(d)(1)).

The Trustee's argument is that the annuity contract is not owned by Jacob and therefore is not part of the bankruptcy estate. (See, e.g., Appellee's Br. at 7.) As he did in

the court below, the Trustee relies upon In re Constantino, 274 B.R. 580. This reliance is misplaced. First, although the annuity contract itself is not part of the estate, the right to receive the annuity payments is. See In re Mason, 2009 WL 2152306, at *2; In re Constantino, 274 B.R. at 582.

Additionally, the Constantino case involved § 282 (iii)(3), a different subsection than is involved here. 274 B.R. at 582-83. That subsection "limits the exemption a debtor may claim on 'a payment on account of the wrongful death of an individual of whom the debtor was a dependent to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.'" Id. (quoting § 282(iii)(3)(ii)). In Constantino the debtors claimed as exempt monthly payments of $2,000 as well as periodic lump sums due during the course of the bankruptcy proceeding. Id. at 581. The Bankruptcy Court applied § 282(iii)(3)(ii) to find that monies in excess of the $2,000 received by debtors from the annuity were "not reasonably necessary for their support and should be available for payment to the Debtors' creditors." Id. at 583. Accordingly, the Bankruptcy Court sustained the Trustee's objection to exemption as to debtor's right to receive the periodic lump sums.

In Constantino, the annuity payments at issue were in lieu of a lump sum wrongful death settlement of debtor's decedent, whereas in this case the settlement was of a personal injury action of the debtor. The Bankruptcy Court in Constantino found that 282(1)[3] was not applicable, stating that the debtor does not own the annuity. Id. at 582. However, the Bankruptcy Court also stated that the debtor's right to receive the annuity payments, and not the annuity itself, was property of the estate. Id. This analysis fails to take account of the

---

[3] It is unclear to what portion of § 282 the Bankruptcy Court refers because the subsections are (I), (ii), (iii)(1), (iii)(2) and (iii)(3). Subsection (iii)(1) refers to motor vehicles and not annuities.

language of § 3212(d)(1) of the Insurance Law under which the right to receive annuity payments clearly falls, as set forth above.[4]  Moreover, § 282(iii)(3)(ii), applicable to payments on account of wrongful death, clearly is inapplicable here.  See In re Mason, 2009 WL 2152306, at *2 (distinguishing In re Constantino); In re Lyons, 381 B.R. 444, 454 (Bankr. S.D.N.Y. 2008 (distinguishing In re Constantino because it did not consider exemption under Insurance Law § 3212).

The reasoning of In re Baker is better-suited for application in this case.  In In re Baker, debtor claimed the value of his monthly annuity payments as exempt from his Chapter 13 bankruptcy estate.  In re Baker, 2009 WL 2872830, at *1. He did not claim as exempt a lump sum periodic payment due during the plan term; rather, he included that amount as funding the plan in addition to the monthly plan payments.[5]  The Trustee objected to confirmation of the plan, contending that the annuity payments were not exempt[6] therefore the plan failed the liquidation test of § 1325(a)(4).  Id.  Judge Cangilos-Ruiz explained that property of the Chapter 13 estate as defined in the Code first "comes into the estate and then is exempted out subject to applicable law." Id. at *2.  She then determined that New York Insurance Law § 3212(d)(1) applied to debtor's annuity payments because by releasing his wrongful death claim he had paid consideration for the annuity.  Id.  Further, pursuant to

---

[4] Whether or not In re Constantino was wrongly decided is not at issue here, and no determination in that regard is made.  However, based on the foregoing analysis, reliance on In re Constantino to resolve this case was erroneous.

[5] The plan as proposed by debtor would have provided a 23% dividend to unsecured creditors. Id.

[6] The Trustee considered the full value of the annuity as non-exempt property of the estate.  Id.

§ 3212(d)(1), annuity payments "are fully exempt . . . unless a court, in its discretion, orders that payments be made to a judgment creditor pursuant to § 3212(d)(2)," which "permits a court to 'order the annuitant to pay to a judgment creditor or apply on the judgment in installments, a portion of such benefits that appears just and proper to the court, with due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him.'" Id. at *3 (quoting N.Y. Ins. L. § 3212(d)(2)). The Baker Court went on to find that the annuity payments, including the lump sum amount the debtor proposed to pay into the plan, would be exempt. Id. at *3. Because the debtor did not seek exemption of the lump sum payment, the court declined to require any additional payment out of the annuity to benefit the creditors, as she was permitted to do under § 3212(d)(2). Id. Accordingly, the Trustee's objection was overruled and the plan was confirmed. Id.

Following the reasoning of In re Baker, Jacob's annuity payments came into the estate and are exempted out pursuant to N.Y. Debt. & Cred. Law § 282(ii) and N.Y. Ins. Law § 3212(d)(1). However, unlike In re Baker, there is insufficient evidence in this record on appeal to determine whether, in light of the exemption of the annuity payments, the debtors proposed plan meets the liquidation test. It also is appropriate for the Bankruptcy Court to determine in the first instance whether, in the exercise of its sound discretion, it should order a portion of such exempt benefits be paid to judgment creditors pursuant to N.Y. Ins. Law § 3212(d)(2).

## V.  CONCLUSION

Jacob's right to receive annuity payments is property of the estate. Further, the right to receive annuity payments is exempt. Thus, the objection of the Trustee must be overruled. However, the Bankruptcy Court must now determine whether the liquidation test

of § 1325(a)(4) is met such that debtors' plan should be confirmed, and further whether debtors should be required to pay into the plan a portion of the exempt annuity payments for the benefit of unsecured creditors pursuant to N.Y. Ins. Law § 3212(d)(2).

Accordingly, it is

ORDERED that

1. The May 10, 2007, and September 16, 2008, Orders of the Bankruptcy Court are REVERSED; and

2. This matter is remanded to the Bankruptcy Court for further proceedings in accordance with this Memorandum-Decision and Order.

IT IS SO ORDERED.

_____
United States District Judge

Dated: October 16, 2009
      Utica, New York.